# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EARL BISCHOFF,<br><br>    Plaintiff,<br><br>v.<br><br>MATTIE M. BODIFORD, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00639-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF Nos. 1, 2)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Michael Earl Bischoff ("Plaintiff"), proceeding pro se, filed this action on May 10, 2019, against Mattie M. Bodiford and Rene Zapata (collectively "Defendants") for locking him out of his residence and stealing his property. Along with Plaintiff's complaint, he filed an application to proceed *in forma pauperis* in this action.

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)

1

(section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

Plaintiff brings this action against Mattie M. Bodiford and Rene Zapata who are tenants

where he resided. (Compl. 2, ECF No. 1.) Plaintiff alleges that Defendants violated his rights under the Fifth and Fourteenth Amendments and "U.S.C. 1941.1" by illegally locking him out of the residence and stealing his property (a 32" flat screen television, pack of cigarettes, $40.00 in cash, and a S.I.M. card from his cell phone). (Id. at 4-5.)

### A. Fifth Amendment

Plaintiff cannot state a claim under the Fifth Amendment. The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation. The Takings Clause of the Fifth Amendment "limits the government's ability to confiscate property without paying for it," and "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Vance v. Barrett, 345 F.3d 1083, 1089 (9th Cir. 2003) (internal quotations and citation omitted). "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

Here, Plaintiff attempts to bring this action against him roommates for locking him out of his residence and stealing his property. There are no allegations that Plaintiff's roommates were acting as federal employees at the time that he was locked out of his apartment. Further, Plaintiff's property was not confiscated for public use. Plaintiff fails to state a plausible claim for violation of the Fifth Amendment.

### B. Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment protects against the deprivation of liberty or property without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). However, to state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). An individual acts under color of state law under section 1983 where he has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). This does not require that

the defendant be an employee of the state, but he must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

Plaintiff's complaint is devoid of any allegation that his roommates were acting under color of law when they locked him out of his apartment and stole his property. Section 1983 does not apply to merely private conduct, no matter how wrongful. Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). Plaintiff cannot state a claim for violation of the Fourteenth Amendment.

**C.    Section 1941.1**

Plaintiff cites to U.S.C. section 1941.1 in his complaint. However, there is no section 1941.1 in the Untied States Code. To the extent that Plaintiff seeks to base his action upon violation of California law,[1] federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

For this action to arise under federal law, Plaintiff must establish that "federal law creates the cause of action" or his "asserted right to relief depends on the resolution of a substantial

---

[1] The Court assumes that Plaintiff is referencing Cal. Civ. Code § 1941.1 which addresses untenantable dwellings.

4

question of federal law." K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011). Plaintiff's allegations regarding violations of state law do not state a federal claim.

### D. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

Based on the allegations in the complaint, Plaintiff is attempting to bring this action against private individuals, and the Court finds that it would be futile to provide Plaintiff with an opportunity to amend the complaint and recommends that this action be dismissed without leave to amend.

### III.

### APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Along with his complaint, Plaintiff submitted an application to proceed without prepayment of fees. District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If a plaintiff proceeds through § 1915, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). For purposes of § 1915(e)(2)(B)(ii), the same standard for a Rule 12(b)(6) motion is utilized – the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th

Cir. 2015).

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed in forma pauperis because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

As the Court finds that it would be futile to provide Plaintiff with an opportunity to amend the complaint, the Court recommends that Plaintiff's application to proceed in this action without prepayment of fees be denied.

**IV.**

**CONCLUSION AND RECOMMENDATION**

Plaintiff has failed to state a cognizable claim for a violation of his federal rights. Further, the Court finds that Plaintiff is unable to cure the deficiencies in his complaint and further amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED for failure to state a claim; and

2. Plaintiff's application to proceed without prepayment of fees be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the

waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 22, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE